THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* HONORIO RAMÍREZ SOLÁ, Defendant and Appellant.

No. 11342.   Argued June 10, 1946.—Decided January 14, 1947.

*Eduardo Ortiz Reyes* for appellant.   *Luis Negrón Fernández, Acting Attorney General (E. Campos del Toro,* former *Attorney General* on the brief, and *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

The appellant was convicted and sentenced to pay a fine of fifty dollars for aggravated assault in that he assaulted a woman with his fists, the defendant being a strong male adult.

As a first assignment of error it is urged that the trial court erred in admitting the testimony of policeman Miguel A. Vázquez in rebuttal.

In the complaint brought against the defendant it is set forth that the latter struck twice at the complainant with his fists but failed to hit her because of the prompt intervention of Juan Díaz Quintana.   At the foot of the complaint Juan Díaz Quintana is named as a witness and Miguel A. Vázquez as "a subrebuttal witness."

At the trial the district attorney introduced the testimony of Hortensia McCormick de Gutiérrez, who stated that she held the position of Manager of the José Mercado Settlement in Caguas; that on the day of the occurrence, between twelve and one o'clock at night, the wife of the owner of a theater came to ask her to go to her house because the tenant Honorio Ramírez, defendant herein, was tearing up the circus; that she went to the indicated place and found the defendant there; that thereupon a dispute arose between her and the defendant, the latter saying to her unpleasant things; that she returned to her home and the defendant followed her; that upon arriving in front of her house, a neighbor who lives across the street came to hear the dispute; that when the defendant called her "a stuck-up woman" she became angry and told him that he was a bluffer (*charlatán*)

and that then the defendant became angry and struck at her but her neighbor grabbed him and told him "Are you crazy, don't you see that she is the manager, you are looking for trouble" that the defendant continued saying things to her and when she told him that he was taking advantage of her because she was a single woman and had nobody to defend her and repeated that he was a bluffer, the defendant struck at her a second time but failed to hit her because her neighbor intervened. At the close of complainant's testimony, the defense presented a motion for nonsuit, on the ground that, as it appeared from the complaint that Juan Díaz Quintana was the person who prevented the battery, the district attorney was bound to offer his testimony in order to prove an essential element of the crime. The motion was denied and then the defense counsel said: "Since the district attorney has not used the witness Juan Díaz Quintana, I am going to use him."

Juan Díaz Quintana was called to testify for the defense and stated that he had witnessed and heard the dispute between the complainant and the defendant; that he did not see that the defendant had tried to strike the complainant; that he did not remember having stated to policeman Vázquez that the defendant had attempted to strike the lady; that at no time could he have told the policeman that the defendant had tried to strike her "because they were disputing so near each other that if the defendant had attempted to strike her, he could have done so"; that it is not true that the defendant had violently assaulted the complainant with his fists or that he failed to do so because he, Díaz, had intervened.

The defendant testified and admitted that he had had a dispute with the complainant, but denied having made threatening gestures at her or attempted to assault her in any way.

Policeman Miguel A. Vázquez was called by the district attorney and he testified that on the night of the occurrence he carried out an investigation of what had occurred between

the defendant and Mrs. McCormick; that the witness Juan Díaz Quintana stated to him, in the presence of the defendant, that the latter, after having a dispute with that lady, had struck twice at her with his fists and that if it had not been for the former's intervention he would have hit her. On cross-examination by the defense, he testified that the statements of Díaz Quintana were not made in the presence of the defendant.

We do not know of any rule which would compel the district attorney to offer the testimony of each and all of the witnesses mentioned in the complaint or information at the trial. Since the testimony of a single witness, believed by the court, is sufficient to support an information, save in those cases in which the law requires corroboration, the district attorney may offer, as he did in the case at bar, only one witness to prove his case.

The fact that the district attorney failed to offer in chief the testimony of policeman Vázquez and that he introduced it later in rebuttal, if erroneous, would not by itself be sufficient to justify the reversal of the judgment. We have already held in *People* v. *Rodríguez,* decision of June 21, 1946 (66 P.R.R. 302), that the trial court has the necessary discretionary power to admit the testimoy of a witness out of turn, provided the adverse party has an opportunity to cross-examine him. The defendant in the present case had that opportunity. There was no abuse of discretion.

The conflict in the evidence was decided against the defendant. The court gave full credit to the testimony of the complainant and none to that of the defendant. We can not say that the court erred in weighing the evidence. And since the evidence for the prosecution is sufficient to support the judgment, the latter should be affirmed.